**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COEUR ALASKA, INC.,

        Petitioner,

v.

FEDERAL MINE SAFETY AND
HEALTH REVIEW COMMISSION and
SECRETARY OF LABOR,

        Respondents.

No.   16-73682

MEMORANDUM[*]

On Petition for Review of an Order of the
Federal Mine Safety & Health Administration

Argued and Submitted June 13, 2018
Anchorage Old Federal Building, Alaska

Before:  THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

      Coeur Alaska, Inc. ("Petitioner") petitions for review of an administrative

law judge's decision upholding, in whole or in part, seven citations under

30 C.F.R. § 57.3360 and two citations under 30 C.F.R. § 57.3200.  We have

jurisdiction under 30 U.S.C. § 816(a)(1), and we deny the petition.  Because the

parties are familiar with the history of this case, we need not recount it here.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

I

Section 57.3360 requires a determination that "ground support," in general, "is necessary." "Ground conditions[ ] or mining experience in similar ground conditions in the mine" inform this determination. § 57.3360; *see also* Safety Standards for Ground Control at Metal and Nonmetal Mines, 51 Fed. Reg. 36,192, 36,192 (Oct. 8, 1986) (codified at 30 C.F.R. pts. 56 & 57) ("[G]round conditions and mining experience are the criteria for determinating if support is required"). When "ground support . . . is necessary," a mine company violates § 57.3360 by failing to "design[ ], install[ ], [or] maintain[ ]" any feature of the relevant mine's ground support system meant "to control the ground." § 57.3360.

The ALJ applied the correct interpretation of §57.3360, and substantial evidence supports his decision to affirm the seven § 57.3360 citations. First, Petitioner does not dispute that "ground support" was "necessary" at the locations of the seven § 57.3360 citations. Even if this issue was disputed, the ALJ confirmed the need for ground support by discussing the existence of "fractured or separating rock" in the relevant areas.

Second, the ALJ demonstrated that the wire mesh "was installed and intended to act as [ground support]," and was not properly maintained at the relevant areas. Petitioner's ground control manual confirmed that "[ground]

2

[s]upport consists of two components, rock reinforcement which are the bolts and surface support which are the plates, mats, and mesh." The presence of "torn or rusted wire mesh. . . near or adjacent to the areas of loose rock" also revealed that Petitioner failed to maintain the wire mesh.

## II

The ALJ considered the appropriate factors when making his negligence classifications, which substantial evidence supports. Contrary to Petitioner's contention, the ALJ considered proposed mitigating evidence, including Petitioner's training and rehab programs, when making his seven high negligence classifications. *See* 30 C.F.R. § 100.3, Table X (noting that "high negligence" requires that "there are no mitigating circumstances"). He reasonably rejected this evidence because Petitioner had failed to follow the mitigating programs.

The ALJ also supported his rejection of Petitioner's argument that it lacked constructive knowledge of all nine violations. 30 C.F.R. § 100.3, Table X (noting that both high and moderate negligence classifications require that "[t]he operator knew or should have known of the violative condition or practice"). For example, he cited rust on the wire mesh, the large size of loose ground, the presence of vehicles and workers in the area, and Petitioner's statements that the areas were rehabbed shortly before the inspection as evidence of constructive knowledge.

3

Substantial evidence supports the ALJ's decision to uphold six of the "significant and substantial" classifications under the four-element test from *Secretary of Labor v. Mathies Coal Co.*, 6 FMSHRC 1 (Comm'n 1984).

As to Petitioner's challenge to the second element, the ALJ appropriately relied on photographs and testimony to demonstrate that unmaintained wire mesh and the presence of loose material nearby were at least "reasonably likely" to contribute to the hazard of loose ground falling though broken wire mesh. *Sec'y of Labor v. Newtown Energy, Inc.*, 38 FMSHRC 2033, 2038 (Comm'n 2016).[1]

As for Petitioner's challenges to the third and fourth elements, the ALJ made the reasonable conclusion that the hazard of loose material falling through unmaintained wire mesh was "reasonably likel[y]" to result in a reasonably serious injury. *Sec'y of Labor v. Musser Eng'g, Inc.*, 32 FMSHRC 1257, 1280 (Comm'n 2010) (noting that the third *Mathies* element requires assessing whether the hazard contributed to by the violation, not the violation itself, is reasonably likely to result in injury).

---

[1] Because substantial evidence supports the ALJ's conclusion that the unmaintained wire mesh was "reasonably likely" to contribute to a safety hazard, we need not—and do not—consider whether the second *Mathies* step requires a lesser showing.

IV

The ALJ did not abuse his discretion in upholding four of the specially assessed penalties. *Walker Stone Co. v. Sec'y of Labor*, 156 F.3d 1076, 1086 (10th Cir. 1998) (noting abuse of discretion review standard). The ALJ considered the six required factors when making his special penalty assessments. *See* 30 U.S.C. § 820(i) (listing factors); 30 C.F.R. §§ 100.3(a)(1), 100.5(b) (same). Of these six, four factors—namely, Petitioner's negligence, the gravity of the violations, Petitioner's large size, and the fact that the special assessments would not prevent Petitioner from continuing business—support the ALJ's special assessments.

V

Finally, we lack jurisdiction to review the Federal Mine Safety and Health Review Commission's decision to decline review of the ALJ's decision. 30 U.S.C. § 823(d)(2)(A)(i) ("Review by the Commission shall not be a matter of right but of the sound *discretion of the Commission.*" (emphasis added)); *see also* 30 U.S.C. § 823(d)(1) ("The decision of the administrative law judge of the Commission shall become the final decision of the Commission . . . unless . . . the Commission has directed that such decision shall be reviewed by the Commission . . . .").

**PETITION DENIED.**